UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER LAMONT BRADSHAW,<br><br>Defendant. | 3:17-CR-30101-RAL<br><br><br>OPINION AND ORDER DENYING<br>MOTION TO CONTINUE |

Defendant Christopher Lamont Bradshaw was indicted on August 16, 2017, along with a codefendant on three counts—conspiracy to distribute a controlled substance, possession with intent to distribute a controlled substance, and distribution of a controlled substance, with each count alleging the controlled substance to be methamphetamine. Doc. 1. The codefendant was arrested soon after August 16, 2017, was appointed counsel, pleaded guilty, and has been sentenced. Bradshaw was arrested in the District of Arizona on or about January 8, 2018, according to CM/ECF docket entries.

On January 17, 2018, Bradshaw was appointed Wade Fischer, an experienced Pierre defense attorney, as his counsel under the Criminal Justice Act. Doc. 34. The next day, Fischer made a series of discovery requests to the United States, Docs. 35–39, and has dutifully represented Bradshaw ever since. This Court initially set Bradshaw's jury trial for April 17, 2018. Doc. 55. Bradshaw sought to continue that jury trial and signed a consent to continue the trial. Docs. 58–59. The Court then set the jury trial for May 29, 2018, granting the motion to continue. Doc. 61. Bradshaw filed a second motion to continue, Doc. 78, which this Court granted, Doc. 81, setting the jury trial for July 17, 2018. Bradshaw, on June 26, 2018, filed a third motion to continue and waiver of speedy trial rights, Docs. 90–91, which this Court granted, Doc. 92, rescheduling the jury trial for September 18, 2018.

1

This Court had a number of jury trials set for the week of September 18, 2018. Bradshaw made known that he refused to waive his speedy trial rights anew and insisted on a trial during the week of September 18, which is within his rights to do. Proceedings on Bradshaw's motion to suppress were expedited, with evidence on that motion being heard on August 28, 2018, and the motion now being denied. Docs. 113, 122. Because of what counsel were advising to be the length of the trial, this Court moved up the start of the jury trial by one day to 1:00 p.m. on Monday, September 17, 2018, moving a number of hearings to do so. This Court also convinced counsel in another case to move back a jury trial to the week of September 24 to accommodate Bradshaw's jury trial during the week of September 17.

This week, the Court has entered four orders on pretrial motions anticipating the jury trial. Docs. 122–23, 127, 130. Subpoenas are served, and certain witnesses in Bureau of Prison custody, the Court understands, have been transported to Pierre to testify at trial. Meanwhile, Fischer, in service to Bradshaw, has filed four motions in limine, Docs. 135–36, 139, 141, as well as having obtained jury questionnaires and subpoenas for defense witnesses.

Out of the blue, on Tuesday of this week, Nichole Carper, an experienced Sioux Falls defense attorney, filed a Notice of Appearance and Substitution of Counsel, purporting to represent Bradshaw. Doc. 121. The pleading was not signed by Bradshaw, Carper has not been appointed as CJA counsel for Bradshaw, and no motion has been filed at any point seeking removal of Fischer as counsel for Bradshaw. Since Carper's Notice, Fischer appropriately has continued to filed pleadings on behalf of Bradshaw. Docs. 126, 133, 135–37, 139–40.

Yesterday, Carper filed a Motion to Continue, Doc. 132, on behalf of Bradshaw. The motion reveals that Bradshaw's family retained Carper, and that Bradshaw's family led Carper to believe that Bradshaw only faced state charges and that she first learned that Bradshaw faced federal charges through a communication with a non-family member on August 30, 2018. Doc. 132. Despite the apparent unreliability of information from Bradshaw's family, Carper then relies on hearsay recounted

2

from Bradshaw's family as part of an explanation to seek a continuance. Doc. 132. Carper apparently spoke with Bradshaw about his wanting a continuance now and filed a Waiver of Speedy Trial rights today signed by Bradshaw. Doc. 143. Carper advises that she would not have agreed to represent Bradshaw if she knew that the September trial date was set and would not be moved, and requests a 90-day continuance. Doc. 132.

It is not hyperbole for the Court to note that it grants likely in excess of 99% of the motions for continuances filed by defendants in criminal cases. However, this case and this motion for continuance falls into the exceptional less than 1% where the Court denies the continuance. First, Fischer is Bradshaw's attorney of record appointed by the Court and has not filed a motion for continuance. Fischer remains Bradshaw's attorney even though Bradshaw's family hired (and misled evidently) another attorney who in turn filed a Notice purporting to substitute for court-appointed counsel. Under the District of South Dakota Criminal Local Rules, Fischer can be replaced "only by order of the court," and not by virtue of Carper's filing of a Notice. D.S.D. Crim. L.R. 57.4A. Under Criminal Local Rule 57.4.B, there is a procedure for voluntary substitution of counsel, but the procedure requires a certificate that substitution will not delay the case and is only available "30 or more days in advance of trial." D.S.D. Crim. L.R. 57.4.B. This Court could ignore altogether any motion or document filed by Carper under the Criminal Local Rules as it is Fischer who remains Bradshaw's attorney of record.

Second, there appears to be no good cause, let alone a compelling reason, for granting a continuance. A district court has broad discretion in determining whether to grant or deny a motion for continuance. Unites States v. Howard, 540 F.3d 905, 907 (8th Cir. 2008) (citing United States v. Hyles, 479 F.3d 958, 967 (8th Cir. 2007)). "Continuances are generally disfavored and are not granted without a compelling reason." Id.; see also United States v. Swinney, 970 F.2d 494, 498–99 (8th Cir. 1992) (holding that the district court did not abuse its discretion in denying the defendant's motions made on the second day of trial for a continuance and appointment of new standby counsel so that new counsel could represent him). The Eighth Circuit will only reverse a district court's decision to deny

3

a motion for continuance if the court abused its discretion and the moving party was prejudiced by the denial. Howard, 540 F.3d at 907. Here, Bradshaw has had the benefit of capable court-appointed defense counsel working with him for over seven months. Thrice previously this Court has granted Bradshaw's motions for continuances. Bradshaw's case is ready for trial next week, so there appears to be no prejudice to him. The intervention this week of an attorney hired by Bradshaw's family is insufficient justification for a continuance. Therefore, it is hereby

ORDERED that the Motion to Continue, Doc. 132, is denied. If Bradshaw wants to have attorney Carper assist in his trial, he may do so, but attorney Fischer remains his court-appointed attorney and only attorney Fischer will be paid under the Criminal Justice Act.

DATED this 13th day of September, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE